# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-51021
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit
**FILED**
June 15, 2023
Lyle W. Cayce
Clerk

United States of America,

         *Plaintiff—Appellee*,

versus

John Michael Garza,

         *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-135-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

    John Michael Garza pleaded guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the district court imposed a sentence of 96 months in prison to be followed by three years of supervised release. On appeal, Garza argues that § 922(g)(1), as applied to him, violates the Second Amendment,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

particularly in light of the recent decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *petition for cert. filed* (U.S. Mar. 17, 2023) (No. 22-915).

Because Garza did not make this argument in the district court, we review for plain error only. *See United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009). In fact, "[e]ven where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (internal quotation marks and citation omitted). Because there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face or as applied and because it is not clear that either *Bruen* or *Rahimi* dictate such a result, Garza is unable to demonstrate an error that is clear or obvious. *See Rodriguez-Parra*, 581 F.3d at 230-31; *see also United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018).

The judgment of the district court is AFFIRMED.